**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

**John C. West** – 007233
Direct Dial: 602.262.5781
JWest@lrrc.com

**Nicole G. True** – 032576
Direct Dial: 602.262.5389
NTrue@lrrc.com

*Attorneys for Defendants UnitedHealthcare, Inc., United HealthCare Services Inc., UMR, Inc., UnitedHealthcare Integrated Services, Inc. and UnitedHealthcare Specialty Benefits, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Emergency Group of Arizona Professional Corp, an Arizona professional corporation; Emergency Physicians Southwest, P.C., an Arizona professional corporation; Quantum Healthcare Medical Associates of Arizona, P.C., an Arizona professional corporation; Chase Dennis Emergency Medical Group, Inc., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UnitedHealthcare, Inc., a Delaware corporation; UnitedHealthcare of Arizona, Inc., an Arizona corporation; United HealthCare Services Inc., a Minnesota corporation; UMR, Inc., a Delaware corporation; United Healthcare Solutions, LLC, an Arizona limited liability company; UnitedHealthcare Integrated Services, Inc., an Arizona corporation; UnitedHealthcare Specialty Benefits, LLC, a Maine limited liability company; John Does 1-10; Roe Entities 11-20,<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL** |

Defendants UnitedHealthcare, Inc., UnitedHealthcare of Arizona, Inc., United HealthCare Services Inc., UMR, Inc., UnitedHealthcare Integrated Services, Inc., and UnitedHealthcare Specialty Benefits, LLC (collectively "Removing Defendants") submit this Notice of Removal of the above-entitled action from the Superior Court of the State of Arizona for the County of Maricopa to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1331, 1441(a), 1442(a)(1), and 1446, and state as follows:

108636205.2

1. On June 11, 2019, Removing Defendants were served with a Summons, Complaint and Certificate Regarding Compulsory Arbitration in the case entitled *Emergency Group of Arizona Professional Corp, et al. v. United Healthcare, Inc., et al.*, Maricopa County Superior Court Cause No. CV2019-004510. A true and complete copy of the Summons, Complaint, Certificate of Compulsory Arbitration, and Affidavits of Service are attached hereto as Exhibits A, B, C, and D.

2. No other pleadings have been filed by the Plaintiffs in this action except those filed with this Court accompanying this Notice of Removal.

3. This Notice of Removal is timely filed with the District Court, as it is being filed within thirty (30) days after service of the Complaint on the Removing Defendants, which is the document that provides the basis for removal. 28 U.S.C. § 1446(b).

4. Plaintiffs' claims against Removing Defendants are removable to this Court because Plaintiffs seek recovery of benefits under an employee welfare benefit plan and such claims for benefits are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). Any civil action brought in state court may be removed to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases that arise under federal laws. 28 U.S.C. § 1331. When an action contains a claim arising under federal law, the entire action is removable to federal court. 28 U.S.C. § 1441(c)(1). Upon removal, this Court can sever and remand any claims over which it does not possess original or supplemental jurisdiction. 28 U.S.C. § 1441(c)(2). Thus, if any of Plaintiffs' claims arise under federal law, removal is proper.

5. As a separate ground, the Plaintiffs claims against Removing Defendants are removable under the federal officer removal statute because they dispute the amount of payment for Medicare services administered by Medicare Advantage Plans offered by the Removing Defendants. 28 U.S.C. § 1442(a)(1).

6. The Complaint alleges that Defendants have underpaid the Plaintiffs for emergency services provided to Defendants' members giving rise to an alleged breach of

an implied-in-fact contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violation of the Arizona Consumer Fraud Statute under state law. Plaintiffs allege that by undertaking to pay for the services Plaintiffs rendered (as required by the terms of the various benefit plans of the members who received services from Plaintiffs[1]), Defendants' impliedly promised to pay Plaintiffs their usual and customary rate for emergency services, or alternatively, for the reasonable value of the services provided "in accordance with the standards acceptable under Arizona law." The Complaint seeks to recover actual, consequential, general and special damages, punitive damages, declaratory judgment and an order permanently enjoining the Defendants from underpaying Plaintiffs.

**Grounds for Removal: Federal Officer Removal Statute**

7. Removal of this case is proper pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

8. The federal officer removal statute, 28 U.S.C. § 1442(a)(1) provides for removal when a defendant is sued for acts undertake at the direction of a federal officer. Removal is appropriate under this provision when the removing defendant establishes that:

   a. The defendant is a person;
   b. The defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct;
   c. There is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and
   d. The defendant has raised a colorable defense based upon federal law.

*See Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017).

---

[1] Without additional information from Plaintiffs regarding the specific claims at issue, Defendants cannot identify the particular ERISA, Medicare Advantage of other benefit plan at issue. Upon information and belief, Defendants anticipate that there are likely many different benefit plans involved.

9. Courts have a "duty to interpret Section 1442 broadly in favor of removal," and the policy favoring removal "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Id.* (citation and internal quotation marks omitted).

10. Defendants satisfy the first element because they are corporations and limited liability companies, which are "persons" for purposes of the federal officer removal statute. *Id.*; *see also* 1 U.S.C. § 1 (defining "persons" to include corporations, companies, and associations).

11. With regard to the second element, the Supreme Court has held that the phrase "acting under" "must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007) (emphasis in original). A federal contractor is acting under a federal officer if it helps an officer "fulfill basic government tasks." *Id.* at 153. An important consideration is whether the defendant "performed a job that, in absence of a contract with a private firm, the Government itself would have had to perform." *Id.* at 154.

12. The Medicare Advantage ("MA") program permits eligible enrollees to obtain Medicare covered services from private healthcare organizations, known as Medicare Advantage Organizations. *See* 42 U.S.C. § 1395w-21, *et seq.*; *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1081 (N.D. Cal. 2011).

13. One or more of the Removing Defendants is a Medicare Advantage Organization that offers Medicare Advantage plans to Medicare eligible enrollees (hereafter, "the MA Defendants").

14. MA Organizations contract with the Centers for Medicare & Medicaid Services ("CMS"), an agency within the U.S. Department of Health and Human Services, to provide MA Plans.

15. "[B]y administering Medicare benefits through the private market, [MA organizations] help[] CMS fulfill a basic government task," and "[a]bsent MA organizations . . . CMS would be obligated to administer Medicare benefits . . . to those individuals who currently elect Part C [MA plan] coverage." *Inchauspe v. Scan Health*

*Plan*, No. 2:17-cv-06011-CAS, 2018 WL 566790, *5 (C.D. Cal. Jan. 23, 2018); *see also Gordy v. CareMore Health Plan*, No. SAC 19-00048JVS, 2019 WL 1237421 (C.D. Cal. Mar. 18, 2019).

16. MA Organizations are thus "acting under" CMS when they administer and determine coverage for Medicare benefits. *Id.*

17. Federal courts have determined that Medicare Part B carriers contracting with the U.S. Department of Health and Human Services "act under" a federal officer for purposes of Section 1442(a)(1). *Goncalves*, 865 F.3d at 1249 n.2 (citing *Midland Psychiatric Assocs., Inc. v. United States*, 145 F.3d 1000, 1004-05 (8th Cir. 1998); *Bodimetric Health Servs, Inc. v. Aetna Life & Cas.*, 903 F.2d 480, 487-88 (7th Cir. 1990); *Grp. Health Inc. v. Blue Cross Ass'n*, 793 F.2d 491, 493 (2d cir. 1986); *Peterson v. Blue Cross/Blue Shield*, 508 F.2d 55, 57-58 (5th Cir. 1975).

18. The Complaint does not identify the specific claims that are at issue. [*See generally* Ex. A, Complaint] The Plaintiffs refused to provide the claims information without condition.

19. The claims data maintained by the Removing Defendants reveals that claims submitted to Removing Defendants by Plaintiffs for payment over the course of the past year includes claims for services provided to enrollees in MA plans.

20. Removing Defendants satisfy the second element because the MA Defendants were acting under the directions of CMS and the U.S. Department of Health and Human Services within the meaning of 28 U.S.C. § 1442(a)(1) in the administration and determination of coverage for and the amount of medical benefits payable under the MA plans.

21. The third element is satisfied because there is a causal nexus between the Plaintiffs' claims and the Defendants' actions under federal direction.

22. The burden associated with establishing this element "is quite low." *Goncalves*, 965 F.3d at 1244. Removing parties need only show that the challenged acts occurred "because of what they were asked to do by the Government." *Id.* at 1245.

23. The MA Defendants' contracts with CMS address the administration, coverage determination, and provision of Medicare benefits. *See* 42 C.F.R. §§ 422.503, 422.504.

24. These actions are causally connected to Plaintiffs' claims that Defendants did not adequately compensate them under the MA plans.

25. The Removing Defendants have colorable federal defenses to Plaintiffs' claims.

26. The colorable federal defense requirement does "not require the officers virtually to win his case before he can have it removed." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (citation and internal quotation marks omitted).

27. The Supreme Court has held "[i]n construing the colorable federal defense requirement, we have rejected a narrow, grudging interpretation of the statute, recognizing that one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Id.* (citation and internal quotation marks omitted) (holding a colorable federal defense existed even though the Court ultimately rejected it).

28. Express preemption of Plaintiffs' claims under the Medicare Prescription Drug Improvement and Modernization Act ("MMA") is a colorable federal defense. The Ninth Circuit, in *Uhm v. Humana, Inc.*, 620 F.3d 1134, 1156-58 (9th Cir. 2010), and other courts, have held that the MMA expressly and broadly preempts state common and statutory law based on conduct subject to the MMA and its regulations. *See also Roberts v. United Healthcare Servs., Inc.*, 2 Cal. App. 5th 132, 144 (2016) ("The majority of courts that have considered the current preemption clause have interpreted it to displace state laws to the extent they touch upon areas regulated by the Medicare Advantage standards.") (citing *Uhm*, 620 F.3d at 1148-57).

29. The Plaintiffs allege that the Removing Defendants underpaid them for emergency services provided to members of Defendants' health plans, including Defendants' MA plan members.

30. As non-contracted providers, Plaintiffs' reimbursement for services to MA Plan members is set by Medicare.

31. The Medicare Act and its administrative procedures provide the exclusive avenue to challenge claims arising under the Medicare Act including a MA Plan's payment. *Heckler v. Ringer*, 466 U.S. 602, 611 (1984); 42 U.S.C. § 405(h).

32. For these reasons, the Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1442(a)(1), and this action is properly removed pursuant to 28 U.S.C. § 1446.

## Grounds for Removal: ERISA Complete Preemption

33. Any civil action brought in state court may be removed to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

34. Federal courts have original jurisdiction over cases that arise under federal laws. 28 U.S.C. § 1331.

35. When an action contains a claim arising under federal law, the entire action is removable to federal court. 28 U.S.C. § 1441(c)(1).

36. Congress granted jurisdiction to the District Courts for actions brought under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due under the terms of an ERISA plan or to enforce rights under an ERISA plan. 29 U.S.C. § 1132(e)(1).

37. Further, 29 U.S.C. § 1132(f) provides:

> [T]he district courts of the United States have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

29 U.S.C. § 1132(f).

38. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because, upon information and belief, certain claims at issue in Plaintiffs' Complaint were for services provided to a participant or beneficiary of an employee welfare benefit plans that was administered by one or more of the Removing Defendants.

39. The civil enforcement provisions contained in ERISA provide the exclusive vehicle for actions to recover benefits under an ERISA plan. *See Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). ERISA's civil enforcement mechanism has "such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Davila*, 542 U.S. at 209. Causes of action within the scope of 29 U.S.C. § 1132(a) are removable to federal court. *Taylor*, 481 U.S. at 66.

40. The state-law causes of the action are completely preempted by § 502(a) of ERISA and therefore removable. *See Lodi Memorial Hosp. Ass'n v. Tiger Lines, LLC*, No. 2:15-cv-00319, 2015 WL 5009093, at *4-6 (E.D. Cal. Aug. 20, 2015) (state law claims based on similar allegations completely preempted under ERISA).

41. The Supreme Court established a two-prong test for complete preemption under ERISA, 28 U.S.C. § 1132(a), in *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 210 (2004). Pursuant to that test, a state law cause of action is completely preempted if (1) "an individual at some point in time could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Id.*

42. The first prong of the *Davila* test is satisfied because "an *individual*[2] at some point in time could have brought [the] claim under ERISA § 502(a)(1)(B)." Specifically, the plan beneficiaries could have brought the claims under 29 U.S.C. § 1132(a)(1)(B), asserting that the Plan wrongfully denied them benefits.

---

[2] The test as formulated by the Supreme Court speaks in terms of "an individual," not the plaintiff. Courts have interpreted this to mean that the plaintiff must have been able to bring the claim under 29 U.S.C. § 1132(a)(1)(B) at some point in time. *See, e.g.*, *Lodi Memorial*, 2015 WL 5009093, at *5 (examining whether provider plaintiffs had standing to pursue the ERISA claims). Regardless of which test applies, this prong is satisfied because, the participants or beneficiaries who received the services from Plaintiffs assigned their benefits to Plaintiffs. *See Spinedex Physical Therapy USA Inc. v. UnitedHealthcare of Arizona, Inc.*, 770 F.3d 1282, 1291 (9th Cir. 2014).

43. The second prong of the *Davila* test is satisfied because Plaintiffs have not identified any independent legal duty that arises from Defendants' actions. Instead, Plaintiffs contend that by undertaking to pay for the services Plaintiffs rendered to members of Defendants' health plans, Defendants' impliedly promised to pay them their usual and customary rate for emergency services, or alternatively, for the reasonable value of the services provided "in accordance with the standards acceptable under Arizona law." [Ex. A, Compl. ¶¶ 42-44, 61, 64] Plaintiffs allege no independent contract, agreement or obligation apart from the obligations under the plan agreement itself. *Lodi Memorial*, 2015 WL 5009093, at *4-6 (state law claims based on similar allegations completely preempted under ERISA).

44. The Plaintiffs' state-law causes of action and relief are preempted as improperly duplicating, supplementing and supplanting the ERISA civil enforcement remedies and in accordance with ERISA § 502(a), these claims fall under ERISA and are thereby completely preempted. *See Davila*, 542 U.S. at 209.

45. Removing Defendants reserve the right to amend or supplement this Notice of Removal.

46. The undersigned attorney certifies that he has caused a copy of the original Notice of Removal to be filed with the Clerk of the Superior Court of Arizona, County of Maricopa.

47. WHEREFORE, Removing Defendants respectfully request this Court to assume jurisdiction over the cause herein, as provided by law.

RESPECTFULLY SUBMITTED this 10th day of July, 2019

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: s/John C. West
John C. West
Nicole G. True
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendants UnitedHealthcare, Inc., United HealthCare Services Inc., UMR, Inc., UnitedHealthcare Integrated Services, Inc. and UnitedHealthcare Specialty Benefits, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2019, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Douglas F. Behm – dbehm@behmlaw.com

Pat Lundvall – plundvall@mcdonaldcarano.com

Kristen T. Gallagher – kgallagher@mcdonaldcarano.com

Amanda M. Perach – aperach@mcdonaldcarano.com

By: *s/Ashly White*